FILED
SUPERIOR COURT
OF GUAM

2024 JAN -5 PM 4: 23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>**ALEX AWENY et al.**<br><br>Defendants. | Case No. CF0014-23<br>GPD Report No. 23-00397<br><br><br>**DECISION AND ORDER**<br>**(Motion to Dismiss Indictment)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on September 19, 2023, for a Hearing on Alex Aweny's ("Defendant") Motion to Dismiss Indictment. Attorney F. Randall Cunliffe, Esq. appeared for Defendant. Assistant Attorney General Kristine Borja appeared for the People of Guam ("People"). Upon review of the evidence, oral and written arguments, and legal authorities, the Court hereby **DENIES** Defendant's Motion to Dismiss Indictment.

## BACKGROUND

On January 6, 2023, the Office of the Attorney General, filed a Magistrate's Complaint charging Defendant with Attempted Home Invasion via Complicity (As a First Degree Felony), and Attempted Burglary via Complicity (As a Second Degree Felony). Magistrate's Complaint, January 6, 2023. On January 13, 2023, the Superior Court of Guam Grand Jury returned an indictment alleging as follows that: (1) on or about January 4, 2023, Defendant, did attempt to assist another to enter the habitable property of Gloria Paulino, with the intent to commit a crime therein, at the time when the premises were neither open to the public nor the Defendant licensed or privileged to so enter, in violation of 9 G.C.A. §§ 37.20(a) and 37.20 (b); and (2) on or about January 4, 2023, Defendant did unlawfully commit a crime of burglary in a dwelling, while a person other than a participant in the crime is actually present in such dwelling, with the intent to commit a crime therein, and in doing so directly or indirectly caused mental or emotional trauma, bodily injury, serious bodily injury, or the death of an occupant of the dwelling who is not a participant in the burglary, in violation of 9 G.C.A. § 37.210. Indictment, January 13, 2023.

On June 8, 2023, Defendant filed a Motion to Dismiss Indictment. Defendant essentially argues that the People failed to present sufficient evidence to the Grand Jury to support the charges of Burglary via Complicity and Home Invasion via Complicity, and that the Defendant should not have been charged. Motion to Dismiss Indictment, June 8, 2023. The People failed to file a written opposition to Defendant's Motion to Dismiss Indictment. A hearing on the Motion to Dismiss Indictment was held on September 19, 2023. Minute Entry, September 19, 2023. The Court noted that the People failed to file an Opposition to the Motion

to Dismiss Indictment and made no request for leave of court to allow the filing of a written opposition. As such, the Court disallowed the People from making an oral opposition and took the matter under advisement.

## DISCUSSION

Defendant argued that there was no reasonable cause (also known as probable cause) for the Grand Jury to indict the Defendant because there was no evidence presented that Defendant was at the Victim's residence – where the alleged burglary and home invasion occurred. Motion to Dismiss Indictment at 3. The United States Supreme Court has repeatedly held that an indictment valid on its face is not subject to challenge on the grounds of insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54, 112 S.Ct. 1735 (1992); *see also Bank of Nova Scotia v. United States*, 487 U.S. 250, 262, 108 S.Ct. 2369 (1988); *United States v. Calandra*, 414 U.S. 338, 344-345, 94 S.Ct. 613 (1974); *Costello v. United States*, U.S. 359, 363, 76 S.Ct. 406 (1956).

Guam law requires that "[t]he grand jury shall receive only evidence presented to it by the prosecuting attorney, but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt." 8 G.C.A § 50.46. The standard for determining whether error in the grand jury proceedings justifies dismissal of the indictment prior to trial a court must consider whether the defendant has been prejudiced by the error. *People of Territory of Guam v. Muna*, 999 F.2d 397,399 (9th Cir. 1993) (*citing Bank of Nova Scotia*, 487 U.S. 250 at 25, 108 S.Ct. 2369). Prejudice is established "if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave "doubt" that the decision to indict was free from substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at

256, 108 S.Ct. at 2374. A Court may dismiss an indictment if the prosecutorial conduct was "flagrant" and caused substantial prejudice to the defendant. *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988). However, absent flagrant or prejudicial prosecutorial misconduct, dismissal is an abuse of discretion. *Id.* at 65. The Court finds the People's conduct was neither flagrant nor did it cause substantial prejudice to the Defendant. Therefore, the Court will deny Defendant's Motion to Dismiss the Indictment.

Defendant argued that there was insufficient evidence for the Grand Jury to indict him for the offenses alleged in the magistrate's complaint. The Court disagrees, and notes that in his motion Defendant only challenged the information contained in the Magistrate's Complaint and did not challenge any evidence presented to the Grand Jury.

The grand jury "shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54. Reasonable cause, or probable cause, amounts to "evidence such that a man of ordinary caution of prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. *People v. Grajo,* 1987 WL 109393 at * 2 (D. Guam App. Div. 1987) (citations omitted). A reviewing court should uphold an indictment "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." Id.

Defendant Aweny is charged by way of an indictment with two charges, Attempted Home Invasion via Complicity (As a First Degree Felony) and Attempted Burglary via Complicity (As a Second Degree Felony) in violation of 9 G.C.A. § 37.20 and 9 G.C.A. § 37.210. An "attempt" is defined as follows:

A person is guilty of an attempt to commit a crime when, with intent to engage in conduct which would constitute such crime were the circumstances as he believes them to be, he performs or omits to perform an act which constitutes a substantial step toward commission of the crime.]

9 G.C.A § 13.10

Both charges against the Defendant are via Complicity, with Complicity being statutorily defined in 9 G.C.A. § 4.60 as follows:

A person is guilty of an offense if, with the intention of promoting or assisting in the commission of the offense, he induces or aids another person to commit the offense. If the definition of the offense includes lesser offenses, the offense of which each person shall be guilty shall be determined according to his own culpable mental state and to those aggravating or mitigating factors which apply to him.

9 G.C.A. § 4.60

Furthermore, for a person to be complicit in an offense, culpability must be established:

(a) A person acts intentionally, or with intent, with respect to his conduct or to a result thereof when it is his conscious purpose to engage in the conduct or cause the result.

9 G.C.A. § 4.30

Therefore, the People must present facts that the Defendant, with conscious purpose, had the intention of promoting or assisting in the commission of the offense by inducing or aiding another person to commit the offense of Burglary. The offense of Burglary is statutorily defined as follows:

(a) A person is guilty of burglary if he enters or surreptitiously remains in any habitable property, building, or a separately secured or occupied portion thereof, or if he enters or surreptitiously remains in any

School as defined in § 37.10(e) of this Chapter, with intent to commit a crime therein, unless the premises are at the time open to the public or the defendant is licensed or privileged to enter, or a person is guilty of burglary if he enters or surreptitiously remains in any motor vehicle, semi-trailer, trailer, truck tractor, vehicle combination, motor bus, motor truck, or vehicle, with intent to commit a crime therein. It is an affirmative defense to prosecution for burglary that the property, or building, or motor vehicle was abandoned.

9 G.C.A. § 37.20

In this case, the People must present facts that Defendant, with conscious purpose, had the intention to assist others in entering habitable property. The Defendant has also been charged with Attempted Home Invasion via Complicity, with Home Invasion statutorily defined as follows:

A person is guilty of home invasion when such person commits a crime of burglary, as defined by this Chapter, in a dwelling, while a person other than a participant in the crime is actually present in such dwelling, with the intent to commit a crime therein, and, in the course of committing the offense:

(a) acting either alone or with one or more persons, such person or another participant in the crime commits or attempts to commit a violent crime against the person of another person other than a participant in the crime who is actually present in such dwelling;

(b) such person is armed with explosives or a deadly weapon or dangerous instrument; or

(c) if any of the acts of a participant at any time during the burglary, or while attempting a burglary, or while fleeing from a burglary/attempted burglary, directly or indirectly, cause mental or emotional trauma, bodily injury, serious bodily injury, or the death of an occupant of the dwelling who is not a participant in the burglary.

9 G.C.A. § 37.210

Therefore, the People must present facts that the Defendant intended, with conscious purpose, to assist others in the attempt to commit a crime against someone inside the habitable property other than a participant in the crime, with either a dangerous instrument or in such a way that

the inhabitants experienced, directly or indirectly, mental or emotional trauma, bodily injury, serious bodily injury, or death.

When Officer Baoagadia arrived, he spoke with one of the victims Gloria Paulino ("Paulino"), who testified that the victims were awakened by a banging on the door, to find the Defendants outside screaming angrily and demanding to speak to Paulina's boyfriend Martin Blas ("Blas"). Grand Jury Proceedings at 3:34. Paulino told the officer that Defendant Onichy, holding a metal object, struck a window causing glass to shatter, then struck several window in an attempt to enter the habitation. Grand Jury Recording at 3:35. Paulino then observed Defendant Aweny attempting to hold the door open by holding the doorknob at the same time both co-Defendants tried to jump through the opening between the main door and security door Grand Jury Recording at 3:34. Blas later provided Officer Baoagadia a surveillance video confirming the criminal activities of the Defendant outside of the victim's unit, including the Defendant walking towards the door. Grand Jury Recording at 3:38 p.m. Finally, the Grand Jury heard testimony regarding the confession of the Defendant, who when interviewed by Officer Blas admitted to involvement in the offenses as they were communicated to the officers. Grand Jury Recording at 3:46.

Having found probable cause to charge Defendant with the offenses, the court will next address Defendant's argument that, because he is sixteen years of age and both charges contain lesser included offenses which are neither first or second degree felonies, the People are statutorily barred from charging Defendant as an adult. At the oral hearing, Defendant argues that the potential for the conviction of lesser included charges at trial creates the possibility that the Defendant will be charged as an adult for offenses that are not allowed by statute. As such, Defendant's case must be remanded to juvenile court.

In the present case, Defendant (DOB: 10/21/2006) was a minor at the time the charges occurred. Instances where a minor can be charged as an adult are covered by 19 G.C.A. §5106(a), which provides:

**§ 5106. Certification for Criminal Proceedings.**

(a) If a child is sixteen (16) years of age or older at the time he committed the offense for which he is charged, and if the conduct is a misdemeanor or a felony of the third degree, and if the court after full investigation deems it contrary to the best interest of such child or of the public to retain jurisdiction, the court may, in its discretion, certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

A child who is **sixteen (16) years of age or older** at the time he committed the offense for which he is charged **shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree** along with **any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony.** (emphasis added)

19 G.C.A. §5106(a)

Here, the Court finds that the Defendant has been properly charged as an adult because both charges were first and second degree felonies. In addition, all other acts which are misdemeanors or felonies of the third degree which are part of the same scheme are allowed by statute. 19 G.C.A. §5106(a). As such, there is no basis for dismissal based on this argument.

In conclusion, the Court determines that there is enough evidence to support charging Defendant with the offenses of Attempted Burglary via Complicity and Attempted Home Invasion via Complicity, first and second degree felonies, respectively. Furthermore, the court finds no basis for dismissal based on Defendant's status as a minor and the potential for the conviction of lesser included offenses. Therefore, the Court denies Defendant's Motion to Dismiss Indictment.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss Indictment.

SO ORDERED, this _____ day of _____ 2023.

JAN 0 5 2024

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam